135 So.2d 306 (1961)
STATE of Louisiana, Through The DEPARTMENT OF HIGHWAYS
v.
Wilfrid T. HIGGINS.
No. 310.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1961.
*307 D. Ross Banister, Glenn S. Darsey and Jesse S. Moore, Jr., Baton Rouge, for plaintiff and appellee.
Polack, Rosenberg & Gex, Samuel I. Rosenberg, New Orleans, for defendant and appellant.
Before McBRIDE, REGAN and SAMUEL, JJ.
REGAN, Judge.
Plaintiff, the State of Louisiana, through the Department of Highways, instituted this suit to expropriate land owned by the defendant, Wilfred T. Higgins, for the purpose of constructing an approach to the Greater New Orleans Expressway located in Jefferson Parish. In conformity with the existing law[1] title to defendant's property was transferred to plaintiff by order of the court before the judgment and plaintiff deposited in the registry thereof $21,000, which it asserted was the fair value of the land.
Defendant answered more than four months after the foregoing petition was filed and served, in which he insisted that the true value of the property was $28,750.00.
From a judgment in favor of plaintiff, predicated upon the fact that the defendant had waived his right to claim compensation in addition to the amount deposited by plaintiff in the registry of court since the defendant had failed to answer timely, he has prosecuted this appeal.
The record reveals that plaintiff instituted this action on September 14, 1956 and obtained an order which compelled the defendant to transfer title to his property thirty days after being served with notice thereof, which occurred on September 17, 1956.
On October 2, 1956, defendant secured an order from the district court which granted him an additional fifteen days to answer. On October 26, 1956, defendant obtained another order which granted him an additional thirty days to answer.
On January 30, 1957, defendant procured a judgment on a rule which permitted him to withdraw the sum of $21,000[2] that plaintiff *308 had deposited in the registry of the court and reserved the right to prosecute a claim for additional compensation.
On February 7, 1957, defendant actually filed an answer to this suit.
On November 27, 1959, plaintiff ruled the defendant into court to show cause why a final judgment should not be rendered since he had waived all defenses in that he failed to file an answer within thirty days after receiving notice of the expropriation. The rule was made absolute on January 27, 1961 and judgment was rendered as prayed for.
The only question which this appeal has posed for our consideration is whether the trial court properly interpreted the statutes applicable hereto, which authorize the state to acquire title to expropriated property before a final judgment is pronounced. These statutes read as follows:
LSA-R.S. 48:447"Contesting validity of taking; waiver of defenses.
"Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public use may file a motion to dismiss the suit within ten days from the date the notice was served on him. * * *
"Failure to file the motion within the time provided or to serve a copy thereof on the plaintiff constitutes a waiver of all defenses to the suit except claims for compensation."

LSA-R.S. 48:450"Determining value where entire tract expropriated.
"Where an entire lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the market value of the property expropriated, provided:
"(1) He files an answer within thirty days from the date he is served with the notice; * * *."
LSA-R.S. 48:452"Laches by defendant forfeits defenses.
"Failure of a defendant to file his answer timely or to serve copies thereof timely constitutes a waiver of all his defenses to the suit."
Counsel for the plaintiff simply contends that the rationale of the foregoing statutes support the trial judge's conclusion to the effect that defendant waived his right to seek additional compensation by failing to file an answer timely.
Defendant, however, insists that the right to claim additional compensation is not one of the defenses contemplated by these statutes. He argues that the trial court's interpretation, if correct, renders the acts unconstitutional in that the defendant is thereby deprived of his property without due process of law.
We find no merit in either of defendant's contentions. LSA-R.S. 48:447 permits a defendant to contest the validity of the taking on the condition that the defendant files a motion to dismiss the state's suit within ten days from the time notice was served. Failure to file this motion constitutes a waiver of all defenses except a claim for compensation. The language of the statute leaves no doubt that "claims for compensation", for the purpose of this section, is a defense.
Further, LSA-R.S. 48:450 grants the defendant the right to apply for a trial to determine the fair market value of his property, provided that he files an answer within thirty days. Although we think this section clearly means that the defendant forfeits his right of action to demand additional compensation unless he meets the requirements of the statute, our interpretation thereof is further substantiated by the rationale of LSA-R.S. 48:452, which provides that the defendant waives all defenses by failing to file an answer timely. If the legislature had intended to reserve the right to defendant to claim additional compensation, even though he failed to answer timely, it certainly would have specifically provided therefor in R.S. 48:452 as it did in LSA-R.S. 48:447.
*309 We next turn our attention to defendant's contention that such an interpretation is repugnant to the state and federal constitutional guarantee that no person shall be deprived of his property without due process of law.
The law is clear that the due process requirement is fulfilled if the statute affords the landowner an opportunity to litigate the amount of compensation the state has tendered. Obviously, the defendant was afforded such an opportunity for a contest by virtue of the provisions of LSA-R.S. 48:450; since the defendant failed to comply with the procedural requisites of the statute for gaining his day in court, this certainly does not justify the erroneous conclusion that ample opportunity therefor was not afforded by the existing law.
In reaching the foregoing conclusion, we are fully cognizant of the fact that the trial court granted the defendant two extensions of time in which to file an answer, and incidentally, these periods of time actually expired before the defendant chose to reply to the suit. However, that fact is insignificant because the extensions were unauthorized by the statutory law. The court engaged in a futile gesture when it authorized a delayed answer, which was clearly forbidden by the legislature. The courts are interpreters not creators of the law. There exists no place in our Constitution for judicial hegemony, to reason otherwise would result in chaos.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
SAMUEL, Judge (concurring).
I am in agreement with the majority opinion with the single exception that I do not feel it necessary to pass upon the question of the trial court's authority to permit delays beyond that set forth in the statute. Therefore, I respectfully concur.
NOTES
[1] LSA-R.S. 48:441 et seq.
[2] The withdrawal thereof is authorized by virtue of LSA-R.S. 48:449.