JANVIER, Judge.
Plaintiff, Liberal Finance Harahan, Inc., brought this suit to collect a balance alleged to be due on a promissory note executed by Mr. and Mrs. Steve S. Majorie, Sr., who admit the execution of the note in the sum of $1,309.68, which has been reduced by one payment. Plaintiff prays for judgment in the sum of $1,225.11, together with interest and 25% as an attorney’s fee on the principal and interest and all costs. After trial there was judgment dismissing plaintiff’s suit and it has appealed.
Defendants maintain that there has been a discharge in bankruptcy and that, therefore, there can be no judgment against them on this note which was listed in the schedule filed in the bankruptcy proceeding.
Plaintiff contends that the discharge in bankruptcy has no effect insofar as its note is concerned as defendants by fraud *807 induced it to make the loan by making a false statement as to their other financial obligations.
It is shown that, of the proceeds of this loan, an old loan was retired by a deduction from the new proceeds of $578.70. Defendants received from the new loan either $325.00 or $350.00, plaintiff not being certain which. Assuming that they received $350.00, it is shown and, in fact, testified to by Frank Genovese, the employee who negotiated this transaction, that the cost which plaintiff retained for handling the new loan was $380.98.
As already stated, plaintiff asserts that defendants made false statements which induced plaintiff to make the loan. Thus the question presented is simply one of fact: Did the defendants make false statements, and if so, did these statements induce plaintiff to make the loan which it would not have otherwise made? The District Judge, in his reasons for judgment, said:
“Plaintiff’s evidence indicates that there was some reliance on the financial statement of the defendants, but in fact it was not the sole cause of issuing the loan. These defendants had had prior loans with the plaintiff, and it seems that their financial condition was known to the maker of the loan. The defendants testified that the papers were signed by him in blank, and that he had discussed his financial condition with plaintiff’s representative over the telephone. The papers were filled out by the wife when she returned to the office, under direction of plaintiff, and she was told when she returned to the office, under there was not such reliance on the statement, nor was it fraudulent, so as to remove the effect of the bankruptcy.”
In Section 17 of the Bankruptcy Act (11 U.S.C.A. § 35, as amended) a discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive.
When the loan was applied for, the husband could not go to the loan office himself, so he sent his wife. She obtained the necessary application and note with a blank form to be filled out showing such other financial obligations as they might have. The husband signed the note and also signed the financial statement, but did not list any other debts, leaving that part to be filled out by his wife at the office of plaintiff. When the wife returned to plaintiff’s office she was met by Mr. Genovese and she began to fill out the financial statement. She says that she had listed only a few obligations which now appear on that document, but says that Mr. Genovese at that time told her to list “some” of them and she added: “As I listed them, I was told that was enough." Then she later added: “He said that was enough, that it was cleared."
Mr. Genovese did not specifically deny that he had told Mrs. Majorie that that was “enough.” He was asked: “Did you tell them anything respecting eliminating any debts from this statement?” He answered: “NO.”
Mr. Majorie said that when he had arranged the loan over the telephone with Mr. Genovese, Mr. Genovese had said: “Give me some of your creditors,” and when asked whether Mr. Genovese had told him not to put all of the creditors on the statement, he said: “He didn’t tell it to me, but over the phone he said: Give me some of your creditors” and “I gave him some of my creditors.” Mr. Majorie added that Mr. Genovese had known of some of the creditors from a previous loan which had taken place not more than six months earlier.
*808 It is quite remarkable that Mr. Genovese admits that he talked to Mr. Majorie over the telephone and that he may have been given some of the names of creditors, but said that that had taken place so long ago that he could not remember all of the details, yet he remembered minute details of what took place when Mrs. Majorie was filling out the statement in question. We agree with the District Judge that there was a misstatement, but that it was induced by Mr. Genovese and that plaintiff did not rely entirely on that statement and would have made the loan in any event.
The situation here is exactly the same as that found in Excel Finance Treme, Inc. v. Noel, La.App., 138 So.2d 654, in which we said:
“ * * * We are not impressed with plaintiff’s testimony in this case. We note that in an increasing number of cases of this same pattern the innocent borrower is at a complete disadvantage. The loan company manager tells the borrower to fill in the financial statement, and also tells him that it is only necessary to list one or two debts as a formality. The loan company employee knows the significance of this, but the borrower does not.”
See, also Excel Finance Baronne, Inc. v. Dobbs, La.App., 146 So.2d 202.
The situation here is different from that found in C H F Finance Company v. Jochum, 241 La. 155, 127 So.2d 534, since there the Court found that the borrower, who failed to list all creditors, had not been told to do so by the lender, but that he had not listed them all because “he could think of only two creditors at the time.”
Our conclusion is that the discharge in bankruptcy prevents any action on the note in question against Mr. Majorie, but it is shown that Mrs. Majorie did not file bankruptcy proceedings, and it is admitted by counsel for that defendant that the judgment in her favor should not have been rendered and that plaintiff is entitled to a judgment against her as prayed for.
Accordingly, insofar as the judgment appealed from dismisses the suit against Steve S. Majorie, Sr., it is affirmed. The judgment in favor of Mrs. Steve S. Major-ie, Sr., and against Liberal Finance Hara-han, Inc., is annulled, avoided and reversed and there is now judgment in favor of Liberal Finance Harahan, Inc., against Mrs. Steve S. Majorie, Sr., in the full sum of $1,255.11, plus 8% interest from December 8, 1961, and 25% attorney’s fees on the principal and interest thereafter until paid. Plaintiff, however to pay all costs.
Reversed in part, affirmed in part.