PAUL A. BONIN, Judge.
|,The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College expropriated property belonging to Mid City Holdings, L.L.C., by utilizing the special expedited or “quick-taking” provisions of La. R.S. 19:141-60. Because Mid City Holdings filed its answer and reconventional demand, seeking additional compensation, beyond the mandatory thirty-day period (as informally extended by the agreement of the parties), the LSU Supervisors filed a peremptory exception of prescription. See La. C.C.P. art. 927 A(1).
*910 Relying upon La. R.S. 19:150(1), the trial court sustained the exception and dismissed Mid City Holdings’ claims for additional compensation.[1] Because no factual dispute exists as to whether Mid City Holdings filed its answer beyond the mandated thirty-day period, on our de novo review we conclude that the trial judge properly sustained the exception of prescription. We accordingly affirm the trial courts judgment and explain our holding in more detail below.
I
Before we proceed to our explanation of our holding we must address a procedural matter concerning the lack of decretal language in the judgment which sustained the LSU Supervisors’ exception of prescription. Although the district court judgment properly maintained the exception of prescription, it failed to decree the dismissal with prejudice of the plaintiffs claim for additional compensation. The absence of this necessary decretal language means that the judgment is not final and appeal-able, and thus for us to reach the merits of this appeal we must exercise our supervisory, rather than appellate, jurisdiction. See La. Const. art. V, § 10(A).
We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc., 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. “A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.” La. C.C.P. art. 1841. “A valid judgment must be precise, definite and certain.... The decree alone indicates the decision-The result decreed must be spelled out in lucid, unmistakable language.The quality of definiteness is essential to a proper judgment.” Input/Output Marine, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted),
 “A final judgment shall be identi-fjec¡ as such by appropriate language.” La c aP. art 1918. «<A fmai appealable judgment must contain decretal language, | aand it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.’ ” Palumbo v. Shapiro, 11-0769, p. 5 (La.App. 4 Cir. 12/14/11); 81 So.3d 923, 927, quoting Input/Output Marine, 10-477, p. 13; 52 So.3d at 916. “The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.” Input/Output Marine, 10-477, p. 13; 52 So.3d at 916.
Because the judgment from which Mid City Holdings appealed is lacking in definitive decretal language necessary for the exercise of our appellate jurisdiction, the appellant is not entitled as of right to appellate review, but may nonetheless invoke our supervisory jurisdiction, which is discretionary with us to grant. See La. C.C.P. art. 2201. The Louisiana Constitution of 1974 provides intermediate appellate courts with both appellate and supervisory jurisdiction. See La. Const. art. V, § 10(A). See also Pollard v. Alpha Technical, 13-1239, p. 5 (La.App. 4 Cir. 2/5/14); 131 So.3d 1123, 1126. “[T]he difference between supervisory jurisdiction and appellate jurisdiction is that the former is *911 discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right.” Livingston Downs Racing Ass’n, Inc. v. La. State Racing Comm’n, 96-1215, p. 3 (La.App. 4 Cir. 6/5/96); 675 So.2d 1214, 1216.
On occasion, when we are confronted with a judgment in an appellate context that is not final and appealable, we are authorized to exercise our discretion to convert that appeal to an application for supervisory review. See Stelluto v. Stelluto, 05-0074, p. 7 (La.6/29/05); 914 So.2d 34, 39 (“[T]he decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts.”). Judicial efficiency and fundamental fairness to the litigants can dictate that the merits of an application for supervisory writs be decided especially when, as here, a decision by us will terminate the litigation. See Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (per curiam). And we have in similar circumstances ordinarily but not necessarily “converted ‘appeals’ of non-appealable judgments to applications for supervisory writs in those cases in which the motions for appeal were filed within the thirty-day period allowed for the filing of applications for supervisory writs.” Favrot v. Favrot, 10-0986, pp. 5-6 (La.App. 4 Cir. 2/9/11); 68 So.3d 1099, 1104 (collecting cases). See also Uniform Rules, Courts of Appeal, Rule 4-3.
Therefore, we have decided to exercise our discretion and convert Mid City Holdings’ appeal to an application for supervisory review, which we then grant.
II
Now we to turn to the merits of the substantive issue before us.
Mid City Holdings owned immovable property in that area of the Mid-City neighborhood of New Orleans selected by the LSU Supervisors to construct an academic medical campus to replace the Medical Center of Louisiana at New Orleans, known familiarly as “Charity Hospital” or “Big Charity.” The LSU ^Supervisors filed a petition for expropriation against Mid City Holdings.[2] Mid City Holdings made no objection by pleading that the petition was deficient in any manner.
The LSU Supervisors elected to proceed under the provisions of La. R.S. 19:141 which provides in pertinent part: “In any suit for the expropriation of property, including the fee simple title and servitudes ... Louisiana State University and Agricultural and Mechanical College ... may acquire the property prior to judgment in the trial court in the manner provided in this Part.” We have previously described the procedures permitted by La. R.S. 19:141 et seq. as a “quick-taking” expropriation. See Alderdice v. Bd. of Supervisors of Louisiana State Univ. and Agric. and Mech. Coll., 12-0148, p. 5 (La.App. 4 Cir. 7/25/12); 107 So.3d 7, 10.
In this “quick-taking,” title and ownership of the property to be expropriated immediately vest in the expropriator— here, the LSU Supervisors — upon deposit with the court of the estimated value of the property. See La. R.S. 19:145. But, of course, “the right to just and adequate compensation therefor shall vest in the persons entitled thereto.” La. R.S. 19:145. “Upon receipt of the deposit, the clerk of court shall issue a notice to each [affected party] in the suit, notifying him that the property described in the petition has been *912 expropriated for public purposes.” La. R.S. 19:146 (emphasis added).
| (¡Within ten days of service of the notice, a property owner may contest the validity of the taking on the ground that the property was not expropriated for a public use by filing a motion to dismiss the suit, which motion shall be tried contradictorily with the expropriator. See La. R.S. 19:147.[3] Upon application of any party in interest and due notice to all parties, the court may order that the funds on deposit or part thereof “be paid forthwith to the person entitled thereto for or on account of the just and adequate compensation to be awarded in the proceedings.” La. R.S. 19:149 (emphasis added).
When, as here, the entirety, and not a part, of an owner’s property is expropriated by “quick-taking,” the property owner “may apply for a trial to determine the market value of the property expropriated, provided ... [h]e files an answer within thirty days from the date he is served with the notice.” La. R.S. 14:150(1) (emphasis added).
The notice of this expropriation, which set forth the respective ten- and thirty-day delay periods for contesting this taking as to its proper purpose and the amount of compensation, was served on Mid City Holdings’ registered agent on March 28, 2011. On May 9, 2011, Mid City Holdings joined in a consent judgment to distribute the deposited funds to entities which had encumbrances upon the property expropriated. See La. R.S. 19:149 (“The court may make such orders as shall be just and equitable to direct the payment of taxes, encumbrances and other charges out of the money deposited.”).
|7Mid City Holdings never contested the taking as not being for a public purpose and thus waived that objection because the “[flailure to file the motion within the time provided or to serve a copy thereof on the plaintiff constitutes a waiver of all defenses to the suit except claims for compensation.” La. R.S. 19:147 (emphasis added).
Mid City Holdings did file an answer and reconventional demand.[4] That pleading, however, was not filed until May 19, 2011 — well past thirty days from service of the notice. The parties agree that an informal extension until April 28, 2011 had been afforded Mid City Holdings to file its answer and reconventional demand contesting the amount of compensation and that Mid City Holdings did not file those pleadings within that extended period. On December 6, 2013, after considerable effort and money was expended in preparation for trial, the LSU Supervisors filed peremptory exceptions of prescription and peremption. The LSU Supervisors relied upon La. R.S. 19:152, which provides that the “[fjailure of a [property owner] to file his answer timely or to serve copies thereof timely constitutes a waiver of all his defenses to the suit.” On February 10, 2014, the trial judge maintained the exception of prescription.
Ill
We turn now in this Part to explain our finding that, by reading La. R.S. 19:150(1) in conjunction with La. R.S. 19:152, the thirty-day period to file an |sanswer constitutes a prescriptive period for a claim for *913 additional compensation for property expropriated by this “quick-taking” procedure. “Liberative prescription is a mode of barring actions as a result of inaction for a period of time.” La. Civil Code art. 3447. And, importantly, “[t]here is no prescription other than that established by legislation.” La. Civil Code art. 3457.
A
We begin our explanation by noting that we have previously found, in a matter far more procedurally complicated than this one, that if a property owner’s answer to a “quick-taking” expropriation under La. R.S. 19:141 et seq., asserting a claim for additional compensation, was filed within the thirty-day period, then the answer is timely, and the trial court erred in maintaining the exception of prescription.[5] See Bd. of Supervisors of Louisiana State Univ. and Agric. and Meek Coll. v. 2330 Palmyra St., L.L.C., 11-0443, p. 13 (La. App. 4 Cir. 12/27/11); 80 So.3d 1234, 1242-43. Implicit in that decision, although not fully expressed, is the conclusion that the thirty-day period is a prescriptive period.
B
Our opinions which interpreted similar “quick-taking” legislation that applied to expropriations by the agency formerly known as the Department of Highways also support this finding. See La. R.S. 48:441-60.[6] That legislation, as |9in effect during the 1960s, was materially identical to the statutes which we have under consideration in this matter. A property owner had ten days from service of the notice to contest the validity,of the “quick-taking.” See La. R.S. 48:447. And the “[f]ail-ure to file the motion within the time provided ... constitute^] a waiver of all defenses to the suit except claims for compensation.” La. R.S. 48:447. Similarly, when an entire lot or tract of land was expropriated, a property owner could seek additional compensation “provided ... [h]e file[d] an answer within thirty days from the date he [was] served with process_” La. R.S. 48:450. Finally, the “[failure of a [property owner] to file his answer timely ... constitute^] a waiver of all his defenses to the suit.” La. R.S. 48:452.
In an early case, State Through Dept. of Highways v. Higgins, the property owner waited more than four months after service of the notice to file his answer seeking additional compensation. See 135 So.2d 306, 307 (La.App. 4th Cir.1961). Following the late-filed answer, the Department of Highways, arguing that the property owner had waived all defenses under La. R.S. 48:452, moved for a judgment. See id. at 308. Judgment was rendered in favor of the Department of Highways, limiting the property owner to recovering only the amount deposited with the court. See id. On appeal, the property owner insisted “that the right to claim additional compensation is not one of the defenses contemplated by these statutes.” Id. We found that La. R.S. 48:447 (which is identi *914 cal to La. R.S. 19:147’s provision on this point) only permits a property owner to contest the Invalidity of a taking on the condition that the property owner files a motion to dismiss the expropriator’s suit within ten days from the date that notice was served and that failure to file that motion “constitutes a waiver of all defenses except a claim for compensation.” Id. (emphasis added). We then continued to explain that “[t]he language of the statute leaves no doubt that ‘claims for compensation,’ for the purpose of this section, is a defense.” Id.
Bolstered by that interpretation, we found that La. R.S. 48:450 — comparable to La. R.S. 19:150(1) — permits a property owner to seek additional compensation “provided that he files an answer within thirty days.” Id. (emphasis added). And ultimately we concluded that if the legislature intended to reserve the right of the property owner to claim additional compensation despite his failure to timely file an answer, it would have provided therefor in La. R.S. 48:452 (for our purposes, La. R.S. 19:152) as it had specifically and expressly done in La. R.S. 48:447 (for our purposes, La. R.S. 19:147). See id. Thus, even though the term “prescription” was not used in Higgins, it is clear that we determined that the action or claim for additional compensation was barred by the inaction of the property owner during the thirty-day period. See La. Civil Code art. 3447.
We later addressed, in State Through Dept. of Highways v. Jackson Brewing Co., the situation in which the property owner timely filed the motion to dismiss, but waited to file its answer until thirty days after the lower court denied its motion to dismiss, roughly sixteen months after the property owner was served with the notice of expropriation. 146 So.2d 504, 505 (La.App. 4th Cir.1962). We found |nin Jackson Brewing that La. R.S. 48:450— again, comparable to La. R.S. 19:150(1)— was “clear and free from all ambiguity” and that “[t]he language of [La. R.S. 48:]450 is not conditional, contingent or subjunctive in any manner. It is clear, positive and unambiguous.” Id. at 507. We further stated that the “requirement that an answer be filed within thirty days in the case of a total taking” was “mandatory.” Id. And, we reasoned, because “[t]he statute makes no exception to the requirement that the answer be filed within thirty days from the date [the property owner] is served with a notice of expropriation,” we cannot assume that the legislature intended an exception to the thirty-day requirement. Id. at 507-08.
Noting that La. R.S. 48:441-60 “provides an additional method by which the Department of Highways may expropriate property for highway purposes,” we explained that “[o]ne of the obvious purposes, if not the most important reason, for the enactment of this statute was to establish a procedure by which expropriations for highway use may be concluded more promptly than is possible under the general expropriation statute.” Id. at 508 (emphasis added). We found that the failure of the property owner to file an answer within the thirty-day period from service of notice precluded the lower court’s award of additional compensation and limited the final award to the amount deposited in the registry of the court. See id. at 510. Again, we effectively treated the thirty-day period as a prescriptive period such that the action for additional compensation was time-barred. Cf. State Through Dept. of Highways v. Terral, 206 So.2d 807 (La.App. 3rd Cir.1968) [^(holding that the property owner abandoned his cause of action by failing to file his answer within the thirty-day period despite an intervening legislative act which personally benefit-ted only him).
*915 c
We therefore hold that La. R.S. 19:150(1) and 152, when read with each other, set forth a thirty-day prescriptive period during which a property owner must file an answer contesting the amount of compensation paid for an expropriated property. Should a property owner fail to timely file an answer within this thirty-day period, all defenses, including that compensation was inadequate, are waived.
IV
In this Part we briefly explain our reasoning for rejecting Mid City Holdings’ contention that the prescriptive period, governing the viability of claims for additional compensation stemming from expropriations by the LSU Supervisors, is not the thirty-day period set forth in La. R.S. 19:150(1) but rather the three-year period described in La. R.S. 18:5111 A.
First, the statutory provision upon which Mid City Holdings relies does not apply by its express terms to expropriation proceedings, much less “quick-taking” expropriations; La. R.S. 18:5111 A instead applies to the appropriation of property. This statute provides, in relevant part, that a trial court rendering a judgment for the property owner “in a proceeding brought against the state of Louisiana, ... or other political subdivision or an agency of any of them, for compensation for the taking of property ... other than through an expropriation | iaproceeding, shall determine and award....” La. R.S. 13:5111 A (emphasis added).[7] It further provides that “Motions for compensation for property taken ... shall prescribe three years from the date of such taking.” La. R.S. 13:5111 A.
The prescriptive period established by this statute does not apply to property taken through expropriation proceedings. See Wynat Development Co. v. Board of Levee Comm’rs for Parish of Orleans, 97-2121, p. 12 (La.4/14/98); 710 So.2d 783, 789 (“This statute clearly purports to apply to a suit brought for compensation for the taking of property by the state, a parish, municipality or other political subdivision other than through an expropriation proceeding.”). “Appropriation, as opposed to expropriation, is carried out by a resolution of the appropriating authority, without the need for a judicial proceeding.... Furthermore, appropriation involves the taking of a servitude, whereas expropriation may involve the taking of ownership.” West Jefferson Levee Dist. v. Coast Quality Constr. Corp., 93-1718, pp. 6-7 (La.5/23/94); 640 So.2d 1258, 1302 (punctuation |]4and citations omitted). This statute’s prescriptive peri *916 od applies to litigation arising from the appropriation of property. Here, the LSU Supervisors expropriated Mid City Holdings’ property, and thus the three year prescriptive period contained in La. R.S. 13:5111 A does not apply.
Second, the Legislature also created an entirely separate statutory Title to govern the expropriation of property: Title 19. Statutory provisions exist within that Title that provide the proper procedures for expropriations of property generally. See La. R.S. 19:1-16. These proceedings require an expropriating authority to “attempt in good faith to reach an agreement as to compensation with the owner of the property” prior to filing an expropriation suit. La. R.S. 19:2. If such an agreement cannot be reached and all requirements listed in La. R.S. 19:2.2 have been met, then the expropriating authority may file a petition to exercise its rights of expropriation. See La. R.S. 19:2.1 (listing the requirements for what must be contained in a petition). Following the filing of that petition and at the time of fixing the trial date, the clerk of court is required to issue to the property owner at least sixty days before the trial date a statement that he “must file an answer, exception, or other responsive pleading within the thirty-day period after service of citation and that failure to do so within the thirty-day period constitutes a waiver ... of all defenses to the suit except claims for compensation.” La. R.S. 19:5 C(6). See also La. R.S. 19:7. A trial would then occur in which “the court shall render judgment against the [expropriating authority] in the amount of the compensation determined to be due the owner.” La. R.S. 19:8 C. The expropriator is not entitled 11Bto property rights until payment (including by deposit) “of the compensation fixed in the final judgment ” is made to the property owner. La. R.S. 19:10 (emphasis added). The existence of an entirely separate Title and these general provisions governing expropriations further serve as a basis for rejecting Mid City Holdings’ contention that the three-year prescriptive period set forth in La. R.S. 13:5111 A should ápply.
Third and finally, the Legislature also specifically saw fit to pass legislation governing expropriations by this specific agency, Louisiana State University, to provide for expedited or “quick-takings” of land necessary for its-use. Similar to our findings in Jackson Brewing, one of the obvious purposes of this legislation was “to establish a procedure by which expropriations ... may be concluded more promptly than is possible under the general expropriation statute.” 146 So.2d at 508 (emphasis added). This stands as further support that it would be inappropriate to apply the three-year prescriptive period set forth in La. R.S. 13:5111 A to expropriation proceedings involving the LSU Supervisors.
For the reasons set forth above, we need not address Mid City Holdings’ argument that the thirty-day prescriptive period was implicitly repealed by the later adoption of La. R.S. 13:5111 A. The thirty-day period set forth in La. R.S. 19:150(1), when read in conjunction with La. R.S. 19:152, is clearly and unambiguously prescriptive in nature and governs these proceedings.
_[_ii-DE CREE
We hereby convert Mid City Holdings, L.L.C.’s motion for appeal to a timely-filed notice of intent to apply for supervisory review. We grant that application to exercise our supervisory jurisdiction, but deny the relief sought by Mid City Holdings, L.L.C. We affirm the judgment maintaining the exception of prescription, but we amend that judgment to supply the necessary decretal language and accordingly render judgment in favor of the Board of *917 Supervisors of Louisiana State University and Agricultural and Mechanical College and against Mid City Holdings, L.L.C., dismissing with prejudice Mid City Holdings’ claims for additional compensation. All parties are to bear their own cost of the appeal. See La. C.C.P. art. 2164.
APPEAL CONVERTED TO WRIT APPLICATION; WRIT GRANTED; JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.

. The trial court also granted summary judgment in favor of the LSU Supervisors and against Mid City Holdings. We need not reach Mid City Holdings’ assignment of error discussing that ruling, however, because we dispose of the entire case as prescribed and thus pretermit any consideration of the merits of the trial judge’s decision to grant summary judgment.

. La. R.S. 19:142 sets forth in detail the allegations required to be contained in a petition for the expropriation of property as well as the necessary attachments, e.g., a certified copy of the resolution adopted by the LSU Supervisors.

. La. R.S. 19:147 was amended during the 2014 Regular Legislative Session by Act No. 625 to extend this period from ten to twenty days. This amendment has no effect on this litigation.

. A related company, Mid City Automotive, L.L.C., subsequently intervened in the proceedings in the trial court. We are not concerned here with any matter pertaining to that intervention which, we are informed, is still pending in the district court.

. 2330 Palmyra also presented other issues bearing upon which prescriptive period was appropriate to apply when reviewing matters arising from expropriations. See 11-0443, pp. 1213; 80 So.3d at 1242-43. We address this matter as applicable to this appeal in Part IV, post.

. The agency is currently referred to as the Department of Transportation and Development. Our statutory references in this Part will refer to the legislation in effect during the time of the decisions to which we refer. Currently, a motion to dismiss on the grounds that an expropriation by the Department of Transportation and Development was not for a public purpose must be filed within twenty days, see La. R.S. 48:447 A, and an answer, challenging the amount of compensation, must be filed within ninety days of service of the notice. See La. R.S. 48:450 A(1).

. The complete text of La. R.S. 13:5111 provides:
A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking.
B. The rights of the landowner herein fixed are in addition to any other rights he may have under the constitution of Louisiana and existing statutes, and nothing in this Part shall impair any constitutional or statutory rights belonging to any person on September 12, 1975.