ROLAND L. BELSOME, Judge.
| ,'This appeal is taken from the trial court’s partial grant of summary judgment in favor of Federal Work Ready, Inc. (FWC).
FWC as lessee of a commercial property maintained that it had a valid Purchase Option provision within the lease that it properly executed and the lessors, Barry Wright and Millicent Wright (collectively the Wrights) refused to sell the property. In response, FWC filed a Petition for Specific Performance, Damages, Declaratory Judgment, and Injunctive Relief. Once the Wrights filed an answer to the petition, FWC moved for a summary judgment. After a hearing on the matter, .the trial court partially granted the motion for summary judgment. This appeal followed.

Jurisdiction

The initial inquiry for this Court is whether the judgment rendered by the trial court is a final appealable judgment consistent with La. C.C.P. art. 1915(B).[1] |2In this case, the judgment was submitted to the trial court after a ruling from the ■ bench. The judgment, as originally presented, read:
IT IS ORDERED JUDGED AND DECREED that Plaintiffs Motion for Summary Judgment is granted and that Federal Work Ready, Inc. is entitled to a Judicial Declaration that Federal Work Ready, Inc. properly exercised a valid Option to Purchase property from Defendants and that Defendants must honor their obligation to specifically perform. under the terms set forth in the Option to.Purchase as it appears in the Amended Lease Agreement by selling the immovable property located at 3620 Chestnut Street, New Orleans, Louisiana 70115 to Federal Work Ready, Inc.
The judgment that was signéd and rendered by the trial court read:
IT IS ORDERED JUDGED AND DECREED that Plaintiffs Motion for Summary Judgment is granted and that Federal Work Ready, Inc. is entitled to a Judicial Declaration that Federal Work Ready, Inc. properly exercised a valid Option to Purchase property from Defendants and — that-Defendants must honor their obligation to specifically-perform under the terms set ferfh-in-the Qption-lo-Pur-chase as it appears -in the Amended — Lease-Agreement-by-selling the-immovable- property located ■ at 3620 ■Chestn-ut-SfreeVNewONeansrLouisiana ■70115-io-Federal. W'or-k-Readyi-Inc.-[2]
As rendered, the judgment does not satisfy the requirements for a final appealable judgment. In accordance with article 1915(B), if the judgment resolves 'less than all, of the claims, the judgment *1220 must be designated as final and expressly state that there is no just reason for delay.[3] This Court has consistently held that “[a] final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling |ais ordered, and the relief that is granted or denied.”[4] The judgment from which the Wrights appealed is deficient in that it lacks the decretal language necessary for the exercise of our appellate jurisdiction. However, it is within our discretion to invoke our supervisory jurisdiction.[5] Accordingly, because the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs, this Court will exercise its discretion and convert the instant appeal to an application for supervisory writ.

Discussion

The Wrights contend that the trial court erred in granting summary judgment in favor of FWR because there are contested issues of material fact. We disagree. This is a matter of contract interpretation and therefore a question of law subject to de novo review.[6]
Beginning on November 14, 2011, pursuant to a lease agreement, FWR leased commercial property located at 3620 Chestnut Street, New Orleans from the Wrights. On December 5, 2012, FWR and the Wrights executed a First Amendment to Lease Agreement (Amendment). Section IV of the Amendment provided FWR with an option to purchase. The Amendment, which contained other non-pertinent sections, was signed by Barry R. Wright and Millie Wright as | lessors and Jeff Rose as director and authorized agent for FWR the lessee. Section IV of the Amendment, titled “Option To Purchase”, read:
The Parties hereby expressly acknowledge and agree that Lessee or Additional Lessee shall have a two-year option to purchase the Leased Premises (the “Purchase Option”) for a purchase price of Three Hundred and Twenty Thousand Dollars and NO/100 Cents ($320,-000.00 U.S.) (the “Purchase Price”), which Purchase Option exercise period shall commence on January 1, 2013, and terminate on December 31.2014 (the “Option Period”). In consideration for the Purchase Option, Lessee or Additional Lessee or their designee shall pay to Lessor or Lessor’s designee(s) upon execution of this Amendment a sum of One Hundred Thousand Dollars and NOAOO Cents ($100,000.00 U.S.) in certified United States funds (the “Option Price”), which Option Price shall also count as pre-paid rent under the Lease for the next 24 months through to December 31.2014, the end of the Option Period. Should Lessee or Additional Lessee fail to exercise the Purchase Option timely during the Option Period, then the obligation to resume payment of the monthly rental amount pursuant to the terms' of the Lease shall arise effective as of the first month after the Option Period has ended.
Lessee or Additional Lessee may exercise the Purchase Option at any time during the Option Period by written no *1221 tice to Lessor in accordance with the process outlined under the heading “NOTICES” in the Lease. Lessee or Additional Lessee shall be obligated to consummate the purchase of the Leased Premises within sixty (60) days after delivery of its written notice to Lessor to exercise the Purchase Option or else Lessor’s obligation to honor such Purchase Option shall thereafter be null and void.
According to Civil Code art. 2620, an option to buy or to sell “is a contract whereby a party gives to another the right to accept an offer to sell, or to buy, a thing within a stipulated time.”[7] Additionally, the “option must set forth the thing and the price, and meet the formal requirements of the sale it contemplates.”[8] In this case, the Amendment clearly provides a valid option to purchase which met all formal requirements.
Un opposition to FWR’s motion for summary judgment, Barry Wright filed an affidavit declaring that the intention of the parties was for the option to purchase to be contingent on him securing a release of the property from the bank and that the $100,000.00 was just pre-paid rent. However, there is nothing in the contract noting any such contingency and the option to purchase expressly states that the $100,000.00 pre-payment of rent was in consideration for the purchase option. Further, the Civil Code dictates that “[cjontracts have the effect of law for the parties.”[9] If the words of the contract are clear, unambiguous, and lead to no absurd consequences, the court need not look beyond the contract language to determine the true intent of the parties.[10]
Therefore, we find no error in the trial court’s ruling as to the existence of a valid option to purchase.
Furthermore, on November 14, 2014, pursuant to the provisions of the purchase option, FWR, through counsel, provided the Wrights with written notification of its intent to exercise the purchase option. FWR requested a closing date of December 22, 2014. That letter was sent via certified mail but was not claimed by the Wrights and ultimately returned to sender.[11] Thereafter, FWR had a private process server hand deliver the November 14, 2014 letter to Barry Wright.[12]
|fiThe Wrights did not respond to the letter and another letter was sent on December 18, 2014 via certified mail and the same letter was sent out via United States Postal Service on December 19, 2014. The letters read the same as the November letter notifying the Wrights of FWR’s desire to exercise the purchase option provided in the amended lease. Like the first, the second certified mail letter was also returned as unclaimed.
“The acceptance or rejection of an offer contained in an option is effective when received by the grantor.”[13] Based on the record, FWR timely notified the Wrights of its intent to exercise the purchase op *1222 tion in accordance with the lease requirements. Therefore, we find no error with the trial court’s finding that Federal Work Ready, Inc. properly exercised the purchase option.
For these reasons, the writ is denied.
APPEAL CONVERTED TO WRIT; WRIT DENIED

. Art. 1915, titled partial final judgment; partial judgment; partial excéption; partial summary judgment reads in pertinent part:.
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconven-tional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

. The trial court struck through the language, initialed the change, and signed the judgment.

. La. C.C.P. art. 966(B)

. Bd. of Sup’rs of Louisianaa State Univ. & Agric. & Mech. Coll. V. Mid City Holdings, L.L.C., 14-506, p. 3 (La.App. 4 Cir, 10/15/14), 151 So.3d 908, 910, quoting Palumbo v. Shapiro, 11-0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927

. See La. C.C.P. art. 2201.

. Berthelot v. Le Inv., L.L.C., 02-2054, p. 3 (La.App. 4 Cir. 1/21/04), 866 So.2d 877, 880. (citation omitted).

. La. C.C. art. 2620.

. Id.

. La. C.C. art. 1983.

. La. C.C. art. 2046.

. The "NOTICES” provision of the lease provides in pertinent part:
Any notice or other communication required or permitted to be given, under this lease by Lessee to Lessor shall be in writing and shall be delivered in person or sent by united States Certified or Registered Mail, postage prepaid, return receipt requested, and addressed to Lessor at the place where rent is required to be paid hereunder.

. The record contains an affidavit of service.

. La. C.C. art. 2621.