| | | |
|---|---|---|
| **ZEPPORIAH EDMONDS** | * | **NO. 2020-CA-0160** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **DEPARTMENT OF PUBLIC** | * | |
| **WORKS** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 8444, 8467 & 8485

\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

Brett J. Prendergast
4603 South Carrollton Avenue
New Orleans, LA 70119

    COUNSEL FOR PLAINTIFF/APPELLEE

Elizabeth Robins
DEPUTY CITY ATTORNEY
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112

Corwin M. St. Raymond
ASSISTANT CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

William R. H. Goforth
ASSISTANT CITY ATTORNEY
1300 Perdidio Street
Room 5E03
New Orleans, LA 70112

Donesia D. Turner
SENIOR CHIEF DEPUTY CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLANT

**APPEAL DISMISSED**
**DECEMBER 1, 2021**

This appeal[1] seeks review of an October 4, 2019 entry of the City of New Orleans Civil Service Commission (Commission), requiring the appellant, the City of New Orleans Department of Public Works (DPW), to comply with the Commission's order[2] (March 20, 2019) and reinstate the appellee, Zepporiah "Edmonds to her position with all authority and responsivity (sic) including towing . . ."

However, an appellate court cannot determine the merits of an appeal unless its jurisdiction is properly invoked by a valid final judgment. *Bd. of Supervisors of La. State Univ. and Agric. and Mech. College v. Mid City Holdings, L.L.C.,* 15-0506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910.

In the aforementioned case, this Court discussed the elements necessary for a final judgment, noting:

"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite, and

---

[1] For further background and history of this case, one may wish to consult this Court's opinion in *Edmonds v. Dept. of Public Works*, 2018-0203 (La.App. 4 Cir. 12/5/18), 260 So.3d 784.

[2] All decisions of the Commission are considered final on the date of issuance unless an application for rehearing is filed. *Civil Service Rule II, Section 4.18.* The deadline to appeal a decision of the Commission to this Court is thirty (30) days after the decision becomes final. *Civil Service Rule II, Section 4.20.* The DPW failed to apply for a rehearing relative to the March 20, 2019 order/judgment. The DPW likewise failed to take a timely appeal to this Court from the March 20, 2019 order/judgment.

1

certain. . . The decree alone indicates the decision. . . The result decree must be spelled out in lucid, unmistakable language. . . . The quality of definiteness is essential to a proper judgment." *Input/Output Marine [Sys., Inc. v. Wilson Greatbatch, Tech. Inc.]*, 10-477, pp. 12-13, [(La.App. 5 Cir. 10/29/10),] 52 So.3d [909] at 915-16 (citations omitted).

"A final judgment shall be identified as such by appropriate language." La. C.C.P. art. 1918. " 'A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered and the relief that is granted or denied.' " *Palumbo v. Shapiro,* 11-0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927, quoting *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

The entry issued by the Commission on October 4, 2019, provides the following:

> This matter came before the Commission via petition to address the Commission filed by Ms. Edmonds requesting enforcement of the Commission's previous order that the Department of Public Works ("DPW") fully restore Ms. Edmonds to the position of parking administrator with all the authority and job responsibilities of the position. Ms. Edmonds informed the Commission that DPW had carved out certain aspects of her position most notably the towing responsibilities and reassigned them to her subordinate Enrico Sterling. DPW acknowledged that Mr. Sterling was overseeing the towing aspects of the Parking Division and that he was not reporting to Ms. Edmonds. The Commission was informed for the first time by the Deputy Director of the Department that the DPW was seeking an additional Parking Administrator position through Civil Service Rule VI, Section 2.1. However, the request for an additional position was only recently submitted to the Department of Civil Service for review. DPW assured the Commission that it would fully comply with the Commission's order and reinstate Ms. Edmonds to her position with all authority responsivity (sic) including towing pending DPW's request for an additional parking administrator position.
> In issuing its ruling, the Commission emphasized that DPW must fully comply with its order immediately or face potential sanctions.

The above is obviously not a final judgment. It contains no decretal language. Via this entry, the Commission did not order the DPW to do anything. Rather, the Commission accepted the assurance of the DPW that it would comply with the Commission's previous order (March 20, 2019), which Ms. Edmonds had

2

come before the Commission to address.  The Commission emphasized that the DPW must fully comply with that order or face potential sanctions.  The DPW did not appeal the Commission's March 20, 2019 order/judgment.

As stated above, the October 4, 2019 entry by the Civil Service Commission is not a final judgment and as such this Court has no jurisdiction to review the entry.  Accordingly, for the foregoing reasons, the above captioned and numbered appeal **IS HEREBY DISMISSED.**

**APPEAL DISMISSED**
