IN RE: INTERDICTION OF     *      NO. 2024-CA-0809
STEPHANIE R. DEHOOG

                         *      COURT OF APPEAL

                         *      FOURTH CIRCUIT

                         *      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-01979, DIVISION "J"
Honorable D. Nicole Sheppard
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)

Stacey L. Meyaski
K. Todd Wallace
WALLACE MEYASKI, LLC
5190 Canal Blvd., Suite 102
New Orleans, LA 70124

      COUNSEL FOR APPELLEE

Bianca M. Brindisi
BRINDISI LAW, LLC
3012 19TH ST
METAIRIE, LA 70002

Jeremy T. Grabill
Lindsay Calhoun
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFFS/APPELLANTS

           **APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED**
                                        **MARCH 27, 2025**

This matter arises from an interdiction proceeding. Appellants, Derek DeHoog ("Mr. DeHoog") and Eleanor DeHoog ("Eleanor") appeal the district court's October 8, 2024 judgment. For the reasons that follow, we find that the judgment lacks necessary decretal language, and is not a valid, final judgment. Consequently, we dismiss the appeal for lack of subject matter jurisdiction and remand this matter to the district court so that a final appealable judgment can be rendered.

## PROCEDURAL HISTORY

On March 8, 2023, Mr. DeHoog, the former husband of Stephanie R. DeHoog ("Ms. DeHoog") and their daughter, Eleanor filed a petition for full interdiction, or alternatively, a limited interdiction, alleging that Ms. DeHoog suffers from mental disorders and is unable to make reasoned decisions concerning any aspect of her financial affairs or personal care. A two-day bench trial was held on July 1 and 2, 2024. The district court rendered a judgment which states in relevant part:

1

**IT IS ORDERED, ADJUDGED AND DECREED** that clear and convincing evidence does not support the judgment of a full interdiction for **STEPHANIE R. DEHOOG**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that after some monitoring for **STEPHANIE R. DEHOOG**, the Court will review whether or not a limited interdiction should be granted. The review shall take place within 180 days from the date of the trial.

Mr. DeHoog and Eleanor filed a notice of intent to seek supervisory writ on October 15, 2024. On the same date, they also moved for a devolutive appeal. The writ application was denied on November 18, 2024. *In Re: Interdiction of Stephanie R. DeHoog*, unpub., 2024-0675 (La. App. 4. Cir. 11/18/24).

On February 12, 2025, this Court ordered the district court to amend the October 8, 2024 judgment pursuant to La. C.C.P. art. 1918 within ten days directing the district court to state that the judgment is a partial final judgment. [1] On February 27, 2025, this Court ordered the parties to show cause by March 13, 2025, why this appeal should not be dismissed, taking notice that the October 8, 2024 judgment did not explicitly deny or grant the petition for interdiction.

Twenty-two days later, on March 6, 2025, the district court amended the October 8, 2024 judgment to include the following language:

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the court designates this ruling as a final partial judgment[.]

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this is a partial final judgment in accordance with La.

---

[1] Louisiana Civil Code of Procedure article 1918(A) provides "[a] final judgment in accordance with Article 1841 shall be identified as such by appropriate language; shall be signed and dated; and shall, in its decree, identify the name of the party in whose favor the relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded. If appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with Article 1951 within the time set by the appellate court."

C.C.P article 1915, and based on the court[']s ruling there is no just reason for delay.

## DISCUSSION

It is well established that appellate courts must examine if subject matter jurisdiction exists *sua sponte*, even if the parties fail to raise the issue. *Dooley v. CJ Johnson Home Improvement*, 2022-0011, p. 3 (La. App. 4 Cir. 4/13/22), 338 So.3d 497, 499 (citing *Phipps v. Schupp*, 2017-0067, p. 3 (La. App. 4 Cir. 7/19/17), 224 So.3d 1019, 1021-22). As such, we cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *Urquhart v. Spencer*, 2015-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (citing *Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C.*, 2014-0506, p. 3 (La. App. 4 Cir. 10/15/14) 151 So.3d 910). "'A valid judgment must be precise, definite and certain. . . . The decree alone indicates the decision. . . . The result decreed must be spelled out in lucid, unmistakable language. . . . The quality of definiteness is essential to a proper judgment.'" *Id.* (quoting *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 2010-477, pp. 12-13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915-16).

"[I]n order for the language of a judgment to be considered 'decretal' it 'must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.'" *Urquhart*, 2015-1354, p. 3, 204 So.3d at 1077 (quoting *Mid City Holdings, L.L.C.*, 2014-0506, p. 3, 151 So.3d at 910). Additionally, "[t]he specific relief granted should be

3

determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Id.* (internal citation omitted).

Applying this principle, we find that the October 8, 2024 judgment, including the March 6, 2025 amendment to the judgment, is not a valid appealable judgment. There is a lack of definitive decretal language necessary for the exercise of our appellate jurisdiction; specifically, the district court neither dispositively entered a grant or denial of the petition for interdiction. The judgment simply states that "clear and convincing evidence does not support the judgment of a full interdiction for Stephanie R. DeHoog." In light of the lack of "definitive decretal language necessary for the exercise of our appellate jurisdiction," Mr. DeHoog and Eleanor are not entitled as of right to appellate review. *See Urquhart*, 2015-1354, p. 4, 204 So.3d at 1078 (quoting *Tomlinson v. Landmark Am. Ins. Co.*, 2015-0276, pp. 2–3 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 156-57).

**CONCLUSION**

In the absence of decretal language in the October 8, 2024 judgment, in that it fails to specify the relief that is granted or denied, there is no valid appealable judgment. Therefore, this Court lacks jurisdiction to consider the merits of this appeal. Consequently, we dismiss this appeal without prejudice, and remand the matter to the district court for further proceedings. Once a final appealable judgment is entered, [2] a new appeal may be filed with this Court without payment

---

[2] This Court in *Ohle v. Uhalt*, 2023-0501, pp. 8-9 (La. App. 4 Cir. 1/10/24), 381 So.3d 136, 142 observed that the Legislature created a procedural mechanism when faced with a judgment with a decretal-language deficiency—La. C.C.P. arts. 1918, 1951, and 2088; the three articles provide in relevant part:

4

of court costs. Additionally, the parties may seek leave to supplement the new appellate record with the record in this matter.

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED**

---

• La. C.C.P. art. 1918(A): "If appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with Article 1951 within the time set by the appellate court";

• La. C.C.P. art. 1951: "On motion of the court or any party, a final judgment may be amended at any time ... to correct deficiencies in the decretal language" but providing that "[t]his Article does not allow the court to make a substantive change to a final judgment"; and

• La. C.C.P. art. 2088(A): after the granting of an order of appeal, "the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to do any of the following: ... (12) Amend a judgment to provide proper decretal language under Article 1918 or 1951.

5