996 So.2d 1195 (2008)
Danielle G. Weintraub, wife of/and Alan S. WEINTRAUB
v.
STATE FARM FIRE AND CASUALTY COMPANY.
No. 2008-CA-0351.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 2008.
Rehearing Denied December 10, 2008.
*1196 M.H. Gertler, Robert Knights, Gertler Gertler Vincent & Plotkin, L.L.P., New Orleans, LA, for Danielle & Alan Weintraub.
John E. Unsworth, Jr., Hailey McNamara Hall Larmann & Papale, L.L.P., Metairie, LA, for State Farm Fire and Casualty Company.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from a ceiling collapse allegedly caused by vibrations from trucks driving past the building. The trial court found that the insurance policy did not cover the ceiling collapse and granted the insurance company's motion for summary judgment. We find that the alleged damages were not covered by the insureds' policy and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Alan and Danielle Weintraub ("Weintraubs") own a house, which is used as a rental property, located at 35 Maryland Drive in New Orleans, which they rented for $2,300 a month. The Weintraubs insured the house with a policy through State Farm Fire and Casualty Company ("State Farm"). The Weintraubs alleged that the Federal Emergency Management Agency ("FEMA") drove trucks carrying heavy loads of earthen materials past the house everyday for six months during post-Katrina levee repairs. The FEMA trucks allegedly caused vibrations throughout the house, which then caused a ceiling to collapse. Once the ceiling collapsed, the Weintraubs assert that the house was uninhabitable; thus, causing the loss of two months rent.
The Weintraubs filed a petition for damages against State Farm seeking $4,600 in lost rents. A supplemental and amended petition also sought $11,200 for ceiling repairs. State Farm filed a motion for summary judgment alleging that the damage was not covered by the insurance policy. The trial court granted State Farm's summary judgment and the Weintraubs appealed.

STANDARD OF REVIEW
Appellate courts review motions for summary judgment using the de novo standard of review. Kimpton Hotel & Rest. Group, Inc. v. Liberty Mut. Fire Ins. Co., 07-1209, p. 3 (La.App. 4 Cir. 12/19/07), 974 So.2d 72, 75. Appellate courts use the "same criteria that govern the trial court's consideration of whether summary judgment *1197 is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). However, "if the movant will not bear the burden of proof at trial on the matter that is before the court ... the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2).
The movant must "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2). "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).

SUMMARY JUDGMENT
The Weintraubs assert that the trial court erroneously interpreted their insurance policy with State Farm to exclude the ceiling collapse and lost rents.
An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer, which governs the nature of their relationship. La. C.C. art.1983. "An insurance policy is a contract, which must be construed employing the general rules of interpretation of contracts." Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, pp. 5-6, 958 So.2d at 638. An insurance policy susceptible to two or more reasonable interpretations is ambiguous, which means the policy must be interpreted in favor of coverage. Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 6, 958 So.2d at 638. Further, the insurer must prove that the insureds' alleged damages are specifically excluded. Blackburn v. Nat'l Union Fire Ins. Co., 00-2668, p. 6 (La.4/3/01), 784 So.2d 637, 641.
Losses due to collapse are not covered unless specifically provided. The policy includes coverage for a collapse under the following applicable circumstances:
11. Collapse. We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:
a. fire, lightning, explosion, windstorm or hail, smoke, aircraft or vehicles, riot or civil commotion, vandalism, leakage from fire extinguishing equipment, volcanic action, falling objects, weight of ice, snow or sleet, water damage, breakage of building glass, all only as insured against in this policy;
...
Collapse does not include settling, cracking, shrinking, bulging or expansion.
As to the loss of rents, the Weintraubs' policy states:
1. Fair Rental Value. If a Loss Insured causes that part of the residence premises rented to others or held for rental by you to become uninhabitable, we cover its fair rental value. Payment shall be for the shortest time required to repair or replace the part of the premises rented or held for rental but not exceeding 12 consecutive months from the date of loss. This period of time is not limited by expiration of this policy. *1198 Fair rental value shall not include any expense that does not continue while that part of the residence premises rented or held for rental is uninhabitable.
The Weintraubs allege that the vibrations caused by the FEMA trucks caused the collapse. As evidence, the Weintraubs presented Mr. Weintraub's affidavit regarding the FEMA trucks. However, no other evidence of the alleged vibrations or of a FEMA truck actually hitting the house was presented.
Additionally, the Weintraubs assert that the alleged vibrations were the proximate cause of the ceiling collapse. Lombard v. Sewerage and Water Bd., 284 So.2d 905, 913 (La.1973) and Holzenthal v. Sewerage and Water Bd., 06-0796, p. 33 (La.App. 4 Cir. 1/10/07), 950 So.2d 55, 76, provide that off-site vibrations may be the cause of ceiling damage. However, we find that the ceiling damage, whether or not caused by the alleged vibrations, is not a covered loss under State Farm's policy.
We find that the insurance policy is clear in that an impact from a vehicle is required to be considered a covered collapse. Therefore, the policy provision is not susceptible of two separate interpretations. As we do not find that the Weintraubs' collapsed ceiling was a covered loss, the denial for the claim of loss of rents is also affirmed.

DECREE
For the above mentioned reasons, we find that the damages alleged by the Weintraubs are not covered under their policy of insurance with State Farm and affirm.
AFFIRMED.
BELSOME, J., dissents with reasons.
BELSOME, J., dissenting with reasons.
I respectfully disagree with the majority's determination that "direct physical loss" is susceptible only of the meaning that direct physical contact with a vehicle to the property is required to trigger coverage. The Louisiana Supreme Court has stated that the meaning of the word "direct" in a contract insuring against direct damages or loss is "immediate or proximate, as distinguished from remote." Central Louisiana Electric Co., Inc. v. Westinghouse Electric Corp., 579 So.2d 981, 985, n. 8. Notably, the trial court, in its reasons for judgment, "recognize[d] that off-site vibrations could be the proximate cause of major ceiling damage, including collapse."
The majority cites no authority for its determination that the language of the policy is clear that an impact from a vehicle is required to be a covered collapse. Because the language "direct physical loss" is not defined in the policy as requiring a physical impact or physical contact, it does not seem unequivocally clear that the only reasonable meaning of "direct physical loss" is that a lack of physical contact is an absolute bar to coverage. As the majority acknowledges, an insurance policy susceptible of two or more reasonable interpretations is ambiguous and must be interpreted in favor of coverage. Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 6, 958 So.2d at 638. Considering this principle in conjunction with the policy language and the trial court's remarks in its reasons for judgment, this writer would find that a genuine issue of material fact exists in this case regarding the interpretation of "direct physical loss." Therefore, I dissent.