DENNIS R. BAGNERIS, SR., Judge.
 

 11 Plaintiffs/appellants, Michael Benedic, David Benedic, and Jeffrey Benedic, filed suit against Louisiana Citizens Property Insurance Corporation (“Louisiana Citizens”) claiming their house, located at 2716 Palmetto Street, Chalmette, Louisiana, was wrongfully demolished pursuant to an
 
 *992
 
 ordinance governing the Housing Code for the Parish of St. Bernard. Plaintiffs allege that the demolition was a loss that was covered by their “all risk” policy of hazard insurance provided by Louisiana Citizens. Louisiana Citizens argues that the policy issued by it contains an exclusion, which precludes coverage for losses caused directly or indirectly by enforcement of a law or ordinance regulating the demolition of property. Louisiana Citizens filed an exception of no cause of action, which was granted and signed on September 2, 2009. Plaintiffs now appeal. For the following reasons, we affirm.
 

 The only issue on appeal is whether the trial court erred in its finding that Louisiana Citizens’ governmental enforcement exclusion precludes coverage for damages arising out of the demolition of the property. On appeal, Plaintiffs argue that the exclusionary provision at issue is inapplicable because the ordinance is invalid on statutory grounds and/or is unconstitutional.
 

 [ 2An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation set forth in the Louisiana Civil Code.
 
 Hebert v. Webre,
 
 08-0060, p. 4 (La.5/21/08), 982 So.2d 770, 773. Language in an insurance policy that is clear, expresses the intent of the parties, and does not violate a statute or public policy, must be enforced as written. La. C.C. arts. 2045-2057. If the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage.
 
 Weintraub v. State Farm, and Cas. Co.,
 
 08-0351, p. 3 (La.App. 4 Cir. 10/29/08), 996 So.2d 1195, 1197. The insurer bears the burden of proving the applicability of policy exclusions.
 
 Tsilimos v. Half Marine And Indus. Supplies, Inc.,
 
 07-0998, p. 2-3 (La.App. 4 Cir. 1/16/08), 976 So.2d 246, 248.
 

 The exclusionary clause at issue provides:
 

 A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
 

 1. Ordinance or Law, meaning enforcement of any ordinance or law regulating the use, construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.
 

 We do not find that the language of the policy in this case is ambiguous. Because the language is not ambiguous, it is not subject to interpretation, and we must enforce it as written.
 

 Louisiana Citizens cite to a Second Circuit court decision,
 
 Sweeney v. City of Shreveport,
 
 584 So.2d 1248 (La.App. 2 Cir. 8/21/91) for the proposition that “it does not matter, for purposes of the exclusion, whether the enforcing agencies or hits agents ‘intended’ to demolish the aforesaid property, made a mistake in doing so, misinterpreted and/or misapplied the ordinance to the subject property, or even attempted to enforce an arguably unconstitutional edict; if the damages sustained were ‘directly or indirectly’ related to the enforcement of an ordinance or law pertaining to demolition activities, the exclusion will apply.” In
 
 Sweeney v. City of Shreveport,
 
 the plaintiff filed suit against the City of Shreveport and her homeowner’s insurer (Vangard-Underwriters Insurance Company), alleging damages resulting from the demolition of her home. Plaintiffs’ policy of homeowners insurance contained a coverage exclusion for losses caused directly or indirectly by “... the enforcement of any ordinance or law regulating the use, construction, repair or de
 
 *993
 
 molition of property unless specifically provided under this policy.” The defendant, Vanguard, filed a motion for summary judgment, asserting that coverage did not exist by virtue of said policy exclusion, and in light of the fact that the demolition activities were performed by the City of Shreveport pursuant to their enforcement of a local ordinance. The trial court agreed, ruling that, irrespective of the City of Shreveport’s negligence in demolishing the plaintiffs home, it was nevertheless demolished pursuant to the enforcement of a city ordinance, and thus the Vanguard policy exclusion applied. The Second Circuit Court of Appeal affirmed the decision of the trial court, and stated:
 

 A plain reading of the exclusion gives no indication that the procedure used to enforce the ordinance must be flawless in every respect. It simply states that the policy does not cover loss caused directly or indirectly by enforcement of any ordinance regulating the demolition of property. The record is completely clear that Mrs. Sweeny’s house was condemned and demolished pursuant to the enforcement of an ordinance. By its plain terms, the exclusion applies.
 

 Id.
 
 at 1251.
 

 |4Although the
 
 Sweeney
 
 decision is not binding on this Court, we find it persuasive in determining that Louisiana Citizens’ exclusion precludes coverage for losses caused directly or indirectly by enforcement of a law or ordinance regulating the demolition of property. As such, we find that the trial court correctly granted Louisiana Citizens’ exception of no cause of action and dismissed it with prejudice.
 

 For these reasons, we hereby AFFIRM the judgment of the trial court.
 

 AFFIRMED.