Judge Terri F. Love
11 This appeal stems from the denial of an insurance claim for injuries allegedly sustained in an automobile accident in June 2011. Government Employees Insurance Company (“GEICO”) appeals the trial court’s granting of partial summary judgment in favor of the plaintiff Willie Jones (“Mr. Jones”). The trial court found GEI-CO acted in bad faith in handling Mr. Jones’ uninsured/underinsured motorist (“UM”) claim and denied GEICO’s cross-motion for summary judgment on the same issue.
Pursuant to La, R.S. 22:1892(B)(1) and 22:1973(B)(5), we find as a matter of law GEICO did not act in bad faith and is entitled to summary judgment in that it was entitled to seek judicial determination of a cognizable defense to coverage of Mr. Jones’ UM claim. We also find genuine issues of material fact preclude summary judgment as to whether GEICO knowingly misrepresented pertinent facts relating to Mr. Jones’ policy in violation of La. R.S. 22:197S(B)(1). We further find the trial court’s judgment lacks necessary decretal language and does not dispose of all issues in the underlying suit. Accordingly, we exercise our supervisory discretion and convert the appeal to a writ; reverse the trial court’s granting of partial summary judgment in favor of Mr. Jones; grant in part and deny Lin part GEICO’s writ application on the issue of bad faith; and remand for further proceedings in line with this opinion.

*919
JURISDICTION

Before proceeding to the explanation of our holding, we first address the trial court’s June 23, 2016 judgment. “We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment.” Bd. of Sup’rs of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C., 14-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910. “ ‘A valid judgment must be precise, deñnite ánd certain.... The decree alone indicates the decision..,. The result decreed must be spelled out in lucid, unmistakable language.The quality of definiteness is essential to a proper judgment.’ ” Id. (quoting Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc., 10-477, p. 12-13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915-16) (emphasis added). “ ‘A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.’ ” Id., 14-0506, p. 2-3, 151 So.3d at 910 (quoting Palumbo v. Shapiro, 11-0769, p. 5 (La. App. 4 Cir. 12/14/11); 81 So.3d 923, 927). “Decretal language is defined as the portion of a court’s judgment or order that officially states (‘decrees’) what the court is ordering and generally starts with the formula ‘It is hereby ordered, adjudged, and decreed that ....’” Freeman v. Phillips 66 Co., 16-0247, p. 2 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 440 (quoting Jones v. Stewart, 16-0329, p. 5 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 387 (internal quotations omitted)).
The judgment’s decree states as follows:
LIT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff’s Motion for Partial Summary Judgment Requesting a Finding of Bad Faith was GRANTED, with attorney fees and penalties to be determined at a later date.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant’s Motion for Summary Judgment was DENIED.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Judgment shall be deemed final for purposes of writ or appeal, where the Court finds no reason for delay.
The judgment’s decree fails to name the party in favor of and the party against whom each ruling is ordered. Instead, it states in general terms that “[plaintiff’s [motion] was GRANTED” and that “[d]e-fendant’s Motion for Summary Judgment was DENIED.” In addition, jurisprudence requires the judgment state what relief is granted or denied. Making general reference to the title of the pleading, the trial court summarily granted plaintiffs partial summary judgment motion. We find that although the title contains an all-encompassing request for a finding of bad faith, recitation of the pleading’s title ⅛ insufficient to state what relief is granted..
The portion of the judgment that requires special consideration is the decretal language, which begins with “the formula ‘it is hereby ordered, adjudged, and decreed....” Freeman, 16-0247, p. 2, 208 So.3d at 440 (quoting Jones, 16-0329, p. 5, 203 So.3d at 387 (internal citations omitted)). The portion of the written judgment which names the parties and their respective counsel appears before the decretal language and indicates only who was present at the hearing.
More importantly, the record does not disclose whether the trial court found GEICO to be in bad faith because GEICO delayed making tender while litigating the choice of law issue, GEICO failed to advise *920 Mr. Jones of the specific release requirement in his policy prior to his settling with Allstate, or both.
|4The hallmark of a proper judgment is the quality of definiteness. Moreover, “[t]he specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.” Bd. of Sup’rs, 14-0506, p. 3, 151 So.3d at 910 (quoting Input/Output Marine, 10-477, p. 13, 52 So.3d at 916). The decree states that “[p]laintiffs motion for partial summary judgment requesting a finding of bad faith was GRANTED.” In that Mr. Jones pled bad faith under La. R.S. 22:1973(B)(1) in his petition, the definiteness of the decree is essential to determining what issues remain to be decided at trial. Here, however, not even reference to the record as a whole clarifies the specific relief granted. Thus, even disregarding the other omissions,[1] we find the fact that the judgment fails to state the specific relief granted and denied in this case is insufficient to render the judgment appealable. See La. C.C.P. art. 1841; Bd. of Supervisors, 14-0506, p. 2-3, 151 So.3d at 910. Therefore, in the absence of the necessary decretal language we decline to invoke our appellate jurisdiction.
Then again, this Court is authorized to exercise our discretion to convert this appeal to an application for supervisory review. Id., 14-0506, p. 3-4, 151 So.3d at 911 (citing Stelluto v. Stelluto, 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39). The motions for appeal in this case were filed within the thirty-day period allowed for filing an application for supervisory writs; therefore, we exercise our discretion and convert GEICO’s appeal to an application for supervisory review. Id., 14-0506, p. 4, 151 So.3d at 911 (citing Favrot v. Favrot, 10-0986, p. 5-6 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104); Uniform Rules, Courts of Appeal, Rule 4-3.
| ¿PROCEDURAL HISTORY AND FACTUAL BACKGROUND
In June 2011, Mr. Jones was involved in an automobile accident in New Orleans. The other driver was at fault and insured by Allstate. In June 2012, Mr. Jones settled his claim against Allstate for the policy limits of $15,000.00. Mr. Jones then sought to recover from GEICO additional monies under his policy’s UM coverage for the injuries he allegedly sustained from the accident. GEICO declined coverage claiming that Mr. Jones failed to obtain GEICO’s approval prior to settling and releasing Allstate, in direct contravention to Mr. Jones’ Georgia issued policy and Georgia statutory law.
In December 2012, Mr, Jones filed a petition for damages against GEICO as his UM carrier, alleging he was injured in an automobile accident with an underinsured motorist. GEICO answered the petition in February 2013. Mr. Jones then filed a motion for partial summary judgment, seeking a judicial determination that Louisiana law, and not Georgia law, applied to his UM claim. The parties litigated the choice of law issue, and in November 2014, the trial court granted Mr. Jones’ partial summary judgment, finding Louisiana law applied to Mr. Jones’ claim.
GEICO appealed the trial court’s ruling to this Court. While the appeal was pending, Mr. Jones filed a motion to enforce the November 2014 judgment, which the trial *921 court denied in June 2015. This Court later affirmed the trial court’s judgment applying Louisiana law to Mr. Jones’ UM claim. See Jones v. Government Employees Ins. Co., 15-0275 (La. App. 4 Cir. 12/16/15), 183 So.3d 636 (Lobrano, J., dissenting) (rejecting the majority’s application of Louisiana law to the adjudication of underlying suit).
GEICO then sought writ of certiorari from the Louisiana Supreme Court, | fiwhich was denied in March 2016. Jones v. Government Employees Ins. Co., 16-0101 (La. 3/4/16), 188 So.3d 1059. On March 30, 2016, Mr. Jones filed a second motion for partial summary judgment, claiming GEI-CO acted in bad faith in its handling of Mr. Jones’ UM claim not only in violation of La. R.S. 22:1973 but also 22:1892. The next day, GEICO made tender to Mr. Jones and subsequently filed a cross-motion for summary judgment and opposition to Mr. Jones’ partial summary judgment motion.
The trial court held a hearing on the motions on June 3, 2016. On June 23, 2016, the trial court signed the judgment granting partial summary judgment on the basis that GEICO acted in bad faith and denying GEICO’s motion for summary judgment. GEICO seeks review of this ruling.

STANDARD OF REVIEW

GEICO contends the trial court erred by granting partial summary judgment in Mr. Jones’ favor because: (1) GEICO had a reasonable basis for alleging that Georgia law applied to the policy such that GEICO cannot be exposed to penalties and attorney fees under La. R.S. 22:1973 and 22:1892 while litigating its coverage defense; (2) GEICO was entitled to litigate to conclusion the choice of law issue prior to making UM tender; and (3) the record does not factually support a finding that GEICO was arbitrary and/or capricious in its handling of Mr. Jones’ UM claim. The issue before this Court is whether the trial court properly granted Mr. Jones’ motion for partial summary judgment.
A trial court’s ruling on a motion for summary judgment is subject to de novo review. Weintraub v. State Farm Fire & Cas. Co., 08-0351, p. 2 (La. App. 4 Cir. 10/29/08), 996 So.2d 1195, 1196-97 (citing Kimpton Hotel & Rest. Group, Inc. v. Liberty Mut. Fire Ins. Co., 07-1209, p. 3 (La. App. 4 Cir. 12/19/07), 974 o.2d 72, 75). “Appellate courts use the “same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e.; whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Id., 08-0351, p. 2, 996 So.2d at 1196-97 (quoting Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). “After an opportunity for adequate discovery, motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” La. C.C. P. art. 966(A)(3). “Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.” Barbarin v. Dudley, 00-0249, p. 6 (La. App. 4 Cir. 12/20/00), 775 So.2d 657, 660. “Any consideration as to whether the plaintiff will succeed at a trial on the merits is irrelevant and an insufficient basis to render a summary judgment against that party.” Id.; See also Lyncker v. Design Eng’g, Inc., 10-0740, p. 4-5 (La. App. 4 Cir. 10/20/10), 51 So.3d 137, 140.

ARBITRARY AND CAPRICIOUS CONDUCT OF GEICO

Louisiana law provides for the imposition of penalties against insurance companies who act in bad faith under two statutes, La. R.S. 22:1892 and 22:1973. The *922 bad faith statutes are penal in nature and should be strictly construed. Guillory v. Lee, 09-0075, p. 37 (La. 6/26/09), 16 So.3d 1104, 1130. To establish a cause of action for penalties and attorney fees under La. R.S. 22:1892, Mr. Jones must show that: (1) GEICO received satisfactory proof of loss; (2) GEICO failed to tender payment within thirty days of receipt thereof; and (3) GEICO’s failure to pay is arbitrary, capricious, or without probable cause. La, R.S. 22:1892(A)(1) and (B)(1); See also Guillory, 09-0075, p. 30, 16 So.3d at 1126 (citing Louisiana Bag Co., Inc. v. Audubon Indent. Co., 08-0453, p. 11 (La. 12/2/08), 999 So.2d 1104, 1112-1113).
Similarly, La. R.S. 22:1973(A) provides that an insurer “owes to his insured a duty of good faith and fair dealing,” which includes “an affirmative duty to- adjust claims fairly and promptly and to make reasonable effort to settle claims with the insured or the claimant,-or both.” An insurer, who breaches its duty under the statute,' shall be liable for damages resulting from that breach. Id. The statute also states that a breach includes “[flailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.” La. R.S. 22:1973(B)(5).
The Louisiana Supreme Court has held that “arbitrary, capricious, or without probable cause” is synonymous with “vexatious,” Guillory, 09-0075, p. 31, 16 So.3d at 1127 (citing Reed v. State Farm Mut. Auto Ins. Co., 03-0107, p. 13-14 (La. 10/21/03), 857 So.2d 1012, 1021. “Furthermore, a ‘vexatious refusal to pay[1] means ‘unjustified, without reasonable or probable cause or excuse.’ [...] Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense.” Id. (quoting Reed, 03-0107, p. 13-14, 857 So.2d at 1021).
Only when the facts “negate probable cause for nonpayment” should penalties be imposed. Id. (quoting Louisiana Bag, 08-0453, p. 14, 999 So.2d at 1114); See also McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1092 (La. 1985). Therefore, whether an insurer’s refusal to tender payment is arbitrary, capricious, or without probable cause “depends on the facts known to the insurer-at the time of its action.” Guillory, 09-0075, p. 31-32, 16 So.3d at 1127. Jurisprudence demonstrates that courts have declined to assess penalties “when the insurer has a ^reasonable basis to defend the claim and acts in good-faith reliance on that defense.” Id. (citing Louisiana Bag, 08-0453, p.15, 999 So.2d at 1115). Additionally, -when there is a legitimate question as to .coverage and the extent and causation of a claim, “bad faith should not be inferred from an insurer’s failure to. pay...within the statutory time limits when a. reasonable basis to defend the claim exists.” Id. (citing Reed, 857 So.2d at 1021). “An insurer, who does not tender unconditionally a reasonable payment, a figure over which reasonable minds could not differ, will be subject to penalties and attorney’s fees.” Id.; McDill, 475 So.2d at 1091-92 (“This amount would be unconditionally tendered to the plaintiff not in settlement of the case, but to show their good faith in the matter .and to comply with the duties imposed upon them under their contract of insurance with the insured”).
In his- petition, Mr. Jones contends that he did not become aware, that he was issued a Georgia policy or that any specific language was required for a release until GEICO received the signed release and rejected his claim. Consequently, Mr. Jones filed suit against GEICO under La. R.S. 22:1269(B)(1)(c) and sought statutory *923 penalties for bad faith under La. R.S. 22:1973(B)(1). Mr. Jones alleges that as GEICO’s insured he was owed a duty of good faith and fair dealing. He maintains that GEICO induced him to waive his UM claim when it intentionally failed to notify him that a specific release was required to protect his claim. Mr. Jones asserts in his petition that this alleged misrepresentation is a breach of duty and act of bad faith, for which statutory penalties should be imposed.
In addition to seeking partial summary judgment on his bad faith claim under La. R.S. 22:1973(B)(1), Mr. Jones asserts that GEICO was also arbitrary and capricious when it delayed making tender within the statutory limits of him | ^presenting to it due proof of loss pursuant to La. R.S. 22:1892(A)(1) and (B)(1) and La. R.S. 22:1973(B)(5).

Delayed Tender

We address first Mr. Jones’ claim that GEICO acted in bad faith when it delayed making tender in violation of the statutory time limitations. The record indicates that GEICO rejected Mr.' Jones’ claim because, in its assessment, Mr. Jones was issued a Georgia insurance policy. Under both the policy’s terms and Georgia law’s requirements, GEICO avers that Mr. Jones waived his UM claim and -extinguished GEICO’s subrogation rights when he settled his underlying tort claim with Allstate without expressly reserving any rights to pursue a UM claim. Although the parties agreed that under Georgia law Mr. Jones’ claim would be extinguished, the parties disagreed as to- which state’s 'law should apply to the policy. GEICO argues that the choice of law issue was “paramount” to the underlying claim against it because Georgia law would have , been an affirmative defense to UM coverage. For that reason, GEICO contends it delayed making tender while the parties litigated the choice of law issue.
We cannot say that the delay in making tender while GEICO litigated the application of Georgia law as a coverage defense rises to the level of 'arbitrary and capricious conduct so as to warrant the imposition of penalties and attorney fees. GEICO explains that it issued Mr. Jones a Georgia policy based on the Georgia address he provided. According to GEICO, it “rates its policies in the state and at the address provided” by the insured, and at no time did Mr. Jones “formally request that GEI-CO change the address on his policy to one in Louisiana.” The application of Georgia law in this case would have extinguished Mr. Jones’ UM claim. Considering, the pri-ma facie evidence of the relationship „ of each state to the | nparties and the dispute, including the policy language, the Georgia address Mr. Jones provided, and evidence of Mr. Jones connections to the state of Louisiana, a legitimate question existed as to whether Georgia or Louisiana law applied to Mr. Jones’ policy. Thus, on its face, the choice of law issue was a substantial legal issue.
Further, the fact that the appeal of the choice of law issue resulted in a 2-1 split decision, with one judge dissenting, demonstrates the potential merit and reasonableness of GEICO’s position. The fact that a majority disagreed with GEICO on the choice of law issue is not evidence that GEICO’s position was baseless or made in bad faith. As a result, bad faith cannot be inferred from GEICO’s actions because evidence of the relationship of each state to the parties and the dispute shows there was reasonable doubt as to whether Georgia or Louisiana law applied and whether, if Georgia law applied, GEICO would be obligated to pay Mr. Jones’ UM claim.
Similarly, Mr. Jones’ argument that pursuant to McDill GEICO was at all times *924 obligated to tender payment is without merit. Mr. Jones avers that when he initially filed his claim he provided GEICO with satisfactory proof of loss. Mr. Jones contends that as a result GEICO was -required to tender payment regardless of whether GEICO possessed and litigated a good faith coverage defense. GEICO’s untimely McDill tender, Mr. Jones argues, is arbitrary, capricious, and without probable cause.
The evidence establishes that GEICO’s decision to litigate the choice of law conflict was objectively reasonable. GEICO was entitled to a judicial determination of its coverage defense before it was obligated to make a tender pursuant to La. R.S. 22:1892(B)(1) and 22:1973(B)(5). Had GEI-CO prevailed on |12the choice of law issue, Mr. Jones would have no claim against GEICO. Thus, whether Mr. Jones presented satisfactory proof of loss in order to trigger a McDill tender obligation would be immaterial. For that reason, GEICO maintains that McDill was “irrelevant until GEICO’s coverage defense had been fully litigated.” GEICO tendered payment within thirty days of the Louisiana Supreme Court’s denial of GEICO’s writ, which brought finality to the choice of law issue.
It is settled law that when an insurer has a reasonable basis for defending a claim and acts in good-faith reliance on that defense, statutory penalties are inappropriate. Although Mr. Jones contends that GElCO acted arbitrarily and capriciously when it delayed making tender, he has failed to submit evidence that shows it is undisputed that GEICO’s decision to litigate the choice of law issue to its conclusion was unreasonable or without probable cause. Smith v. Casino New Orleans Casino, 12-0292, p. 11 (La. 10/8/12), 101 So.3d 507, 514 (“... allegations, inferences, and speculation are not sufficient to create a genuine issue of material fact....”). Consequently, we find GEICO possessed a reasonable basis for litigating the application of Georgia law as a coverage defense without being subject to statutory penalties. Insofar as GEICO pursued judicial determination on the choice of law issue, we find GEICO did not act in bad faith and is entitled to summary judgment as a matter of law. Therefore, GEICO’s writ and cross-motion for summary judgment are granted in part.

Misrepresentation of the Policy Terms

We consider next Mr. Jones’ claim that GEICO acted in bad faith in violation of La. R.S. 22:1973(B)(1) when it allegedly misrepresented by omission pertinent facts regarding Mr. Jones’ UM coverage.
As a procedural matter, Mr. Jones claims GEICO waived the issue on review | ^because it failed to address the allegations of misrepresentation on summary judgment or in its brief to this Court. Mr. Jones argues that we should consider the issue abandoned and affirm the trial court’s ruling on this basis alone. While GEICO may not have discussed La. R.S. 22:1973(B)(1) in express terms, the record shows that GEICO argued that the underlying facts, including the facts which gave rise to GEICO’s Georgia law coverage defense, do not support Mr. Jones’ allegations of misrepresentation. Moreover, the trial court’s judgment summarily grants Mr. Jones’ motion for partial summary judgment. It is unclear whether the trial court found GEICO acted in bad faith by delaying tender while it litigated the choice of law issue, by omitting pertinent facts about the issued policy in violation of La. R.S. 22:1973(B)(1), or both.
GEICO argued at the hearing on summary judgment that in filing its opposition to the motion for partial summary judgment, GEICO was not seeking to absolve itself of any obligation under its policy. *925 Rather, GEICO opposed partial summary judgment as to the penalty aspect and argued that it has a right to seek the redress of the courts on a cognizable defense. Therefore, we address the misrepresentation issue to the extent the trial court’s ruling also found GEICO violated La. R.S. 22:1973(B)(1).
In Prime Ins. Co. v. Imperial Fire & Cas. Ins. Co., 14-0323, p. 10 (La. App. 4 Cir. 10/1/14), 151 So.3d 670, 677, this Court explained summary judgment “is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith, knowledge and malice; that calls for credibility determinations and the weighing of testimony,” Id. (citing Stewart Title of Louisiana v. Chevron, U.S.A., Inc., 12-1369, p. 6 (La. App. 4 Cir. 3/27/13), 112 So.3d 949, 952). Likewise, “summary judgment is rarely appropriate for the disposition of issues requiring a | udetermination of the reasonableness of acts and conduct of parties under all the facts and circumstances of a case.” Id. (citing Greater Lafourche Port Com’n v. James Const. Group, LLC, 11-1548, p. 7 (La. App. 1 Cir. 9/21/12), 104 So.3d 84, 88). In this case, the allegation of misrepresentation by omission is a question of fact which is inappropriate for summary judgment.
The crux of Mr. Jones’ bad faith claim is that by failing to notify Mr. Jones or his counsel that a specific release was required, GEICO induced him to waive his UM claim in order to avoid tendering payment under the policy. The allegation of bad faith in this instance, however, is built on the assumption that GEICO knew Mr. Jones and his counsel were unaware that a specific release was required and seized upon the opportunity created by that knowledge. In other words, GEICO knew that it possessed important information that Mr. Jones did not and intentionally took advantage of his ignorance.
In support of his contention, Mr. Jones points to the deposition testimony of GEI-CO’s claims adjuster Charlene Melvin. She testified that after receiving notice of the claim GEICO learned that his policy was confected in Georgia and that a specific release was required. She also testified that she did not believe that GEICO had a duty to inform Mr. Jones because he was represented by counsel. The evidence further indicates that the parties corresponded several times regarding the UM claim and the Allstate release, but no mention was made about the need for specific release language. Thus, Mr. Jones submits that GEICO’s knowledge of the discrepancy gave rise to a duty to inform him of the same and of what was required to recover under his specific policy.
Mr. Jones also claims that he did not know he was issued a Georgia policy until GEICO rejected his claim. Mr. Jones avers that he renewed his policy online 11Band did not review the terms of the Georgia policy that GEICO allegedly mailed to the Georgia address he provided. He insists that GEICO was aware that he registered his vehicle in Louisiana and provided GEICO with his Louisiana registration and insurance cards as well as his Louisiana driver’s license. Mr. Jones submits that this evidence supports his position that GEICO took advantage of the fact that he believed he was issued a Louisiana policy and was not aware that specific language was required in the Allstate release to preserve his UM claim.
On the other hand, GEICO avers that Mr. Jones mischaraeterizes the evidence. GEICO maintains that it did not issue Mr. Jones a Georgia policy at random. GEICO notes that Mr. Jones was previously listed as a co-insured under his then-fíancé’s policy, which was originally issued in Louisi *926 ana and then subsequently changed to Georgia when Mr. Jones and his fiancé moved to the state following Hurricane Katrina. When Mr. Jones later applied for coverage of his own, Mr. Jones identified Georgia as his address. GEICO also states that the only way a policy is changed from one state to another is upon the request of the insured. GEICO alleges that Mr. Jones’ policy was repeatedly renewed and rated in Georgia as a Georgia risk based on the Georgia address Mr. Jones provided. It further contends that there is no record of Mr. Jones requesting his policy be switched from Georgia to ‘ Louisiana. Moreover, GEICO notes that years of correspondence referencing Mr. Jones’ Georgia address and the terms of the Georgia policy prove GEICO’s application of Georgia law and its denial of Mr.- Jones’ claim on this basis was anything but arbitrary and capricious.
Notably, the parties in this case do not dispute the underlying facts so as much as they dispute each other’s interpretation of the facts. Mr. Jones claims that |'1nGEICO intentionally failed to disclose critical information pertaining to his policy. GEICO contends that Mr. Jones himself made several misrepresentations upon which GEI-CO reasonably relied to handle his UM claim in the first place. The parties’ differing reasonable interpretations highlights the subjective nature of the misrepresentation claim. In that the evidence is susceptible to differing reasonable interpretations, it is for the jury, not the court, to decide which interpretation to accept.
Genuine issues of material fact preclude summary judgment on the question of whether GEICO knowingly misrepresented pertinent facts relating to Mr. Jones’ policy to avoid coverage liability. Whether misrepresentations were intentionally made to avoid coverage liability is a question of credibility, and questions of credibility are inherently factual. The parties’ interpretation of the events and whether Mr. Jones’ contentions are plausible are questions of fact that are inappropriate for summary judgment. Issues of motive, intent, good faith, knowledge, and malice are all at play with respect to Mr. Jones’ allegation of bad faith pursuant to La. R.S. 22:1973(B)(1) and GEICO’s underlying liar bility. We find no compelling reason to depart from established jurisprudence declining to grant summary judgment when determination of the reasonableness of a party’s actions hinges on questions of credibility and the weighing of evidence. Therefore, the trial court’s ruling with respect to Mr. Jones’ bad faith claim under La. R.S. 22:1973(B)(1) is reversed. However, because genuine issues of material fact preclude summary judgment on the misrepresentation issue at this time, GEICO’s Jjjwrit and cross-motion for summary judgment are denied in part.[2]

CONCLUSION

Based on the foregoing reasons, the trial court’s ruling granting partial summary judgment in favor, of Mr. Jones is reversed. We find GÉICO had a reasonable basis to seek judicial determination of the choice of law issue. Thus, it did not act'in *927 bad faith when it tendered payment outside the statutory time limits and within thirty days of the ruling on the choice of law issue becoming final. Therefore, insofar as GEICO sought judicial determination of the choice of law issue, we find as matter of law that GEICO is entitled to summary judgment as to the alleged violations of La. R.S. 22:1892(B)(1) and 22:1973(B)(5).
To the extent the trial court found GEI-CO acted in bad faith in violation of La. R.S. 22:1973(B)(1), the ruling is reversed. The parties’ accounts of the surrounding facts and circumstances demonstrate competing interpretations of the evidence that require weighing of evidence and credibility determinations. In that the reasonableness of GEICO’s conduct is at issue, we find whether GEICO acted in bad faith by allegedly misrepresenting information relating, to Mr. Jones’ UM claim under La. R.S. 22:1973(B)(1) is not appropriate for summary judgment.

DECREE

Accordingly, we convert the appeal to a writ; reverse the trial court’s judgment granting partial summary judgment in Mr. Jones’ favor; grant in part and deny in part GEICO’s writ application; and remand the matter for further | ^proceedings in line with this opinion.
APPEAL CONVERTED TO WRIT; WRIT GRANTED IN PART; DENIED IN PART; REVERSED AND REMANDED
LANDRIEU, J., CONCURS WITH REASONS
LOBRANO, J., CONCURS IN THE RESULT

. In Jones, this Court noted that although the decretal language omitted naming the plaintiff against whom the ruling was ordered, the omission was "insignificant” because the case involved only a single plaintiff. Id., 16-0329, p. 5 (La.App. 4 Cir. 10/5/16), 203 So.3d 384, 387-88 n. 4.

. Given there is some factual overlap in consideration of the bad faith allegations, our findings could be interpreted as being inconsistent with each other. However, the inquiries are different. Determination of whether GEICO may delay making tender while it litigated the choice of law issue may consider some of the same underlying evidence, but the inquiry is a legal one and for the court to decide before a trial on the merits. Conversely, determination qf whether GEICO intentionally misrepresented information about UM coverage is purely factual, resolution of which is specific to the parties and this case, and for the trier of fact to decide. '

. Pursuant to La. C.C.P. 1915(B), the trial court certified this judgment as final and ap-pealable with no just reason for delay.